THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BIJOU WILLIAMS, Defendant-Appellant.

Third District   No. 3—92—0325

Opinion filed January 14, 1993.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee, and Howard Wertz, of Lynwood (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

A jury convicted the defendant, Bijou Williams, of unlawful possession of over 15 but less than 100 grams of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(a)(2)(A)). Thereafter, he was sentenced to a six-year term of imprisonment. He appeals, and we affirm the judgment as modified.

The record shows that police officer Bridget Bertrand testified that on August 27, 1991, she was on patrol. While driving south on Interstate 57, she observed a white Pontiac approaching from behind. She saw the Pontiac change lanes several times without using either turn signal. She observed two people in the front seat of the Pontiac. Bertrand also saw the passenger bend down several times and then return to an upright position.

Bertrand stated that she pulled over to the shoulder of Interstate 57 and slowed down enough to let the Pontiac pass her vehicle. At the same time, she observed a white Chevrolet go by her vehicle. Bertrand saw the driver of the Chevrolet hold something up in her direction. She later discovered that the driver of the Chevrolet was John Stambaugh, an off-duty Illinois State trooper.

After pulling back onto Interstate 57, Bertrand drove behind the Pontiac and activated her emergency lights. The driver of the Pontiac did not stop. Bertrand then observed the passenger in the Pontiac throw handfuls of a white powdery substance out the car window. While Bertrand pursued the Pontiac, she saw the Chevrolet continue in front of the Pontiac and then slow down in an attempt to stop the Pontiac. After the three cars had driven about a mile, the Pontiac pulled over. Bertrand pulled her vehicle over and came to a stop behind the Pontiac. Stambaugh then pulled his Chevrolet over and stopped directly in front of the Pontiac.

Bertrand testified that she approached the Pontiac and ordered the driver and passenger to get out. They obeyed and she arrested them. Larry Shannon was the driver of the Pontiac and Williams was the passenger. Bertrand and another officer who had arrived at the scene then searched the front interior area of the Pontiac. They observed white powder on the seat, floor, and the interior areas around the passenger door. She also observed that Williams had white powder on his clothing. Bertrand and Sergeant Donald Yann later collected as much of the white powder as they could from the roadway and the interior of the Pontiac.

State Trooper Stambaugh also testified concerning the traffic stop. Stambaugh stated that he kept his Chevrolet in front of the Pontiac as Bertrand attempted to stop the Pontiac. Stambaugh observed the passenger, Williams, opening bags and throwing a white powdery substance out the car window. The wind blew the substance back into Williams' face, hair, and shirt, as well as the interior of the Pontiac. Williams then tossed three unopened bags out the car window. The bags burst open upon striking the highway.

Forensic scientist Aurelia Rizo testified that the white substance collected by Bertrand and Yann was determined to be cocaine. Rizo stated there was some debris mixed in with the cocaine. However, she was unable to completely separate the debris from the cocaine. Therefore, the total weight included the weight of the debris. While Rizo could not say how much the debris weighed, she indicated the amount was small. Rizo testified that the entire substance weighed 18.3 grams.

Larry Shannon testified on behalf of Williams. Shannon stated that he was facing the same charge as Williams. However, Shannon said that he had not gone to trial yet, nor had he reached a plea agreement. Shannon testified that as he was driving back from Chicago, he observed a police car attempting to stop him. Shannon then pulled out three bags of cocaine he had hidden in the crotch of his pants. Shannon threw the bags at Williams and told Williams to get rid of them. Williams complied by opening the bags and throwing the contents out the window. Shannon stated that Williams did not know Shannon possessed any drugs before he gave Williams the cocaine. Shannon also testified that Williams was not a drug user.

Based on this evidence, the jury found Williams guilty of possession of a controlled substance.

On appeal, Williams first contends that he was not proven guilty beyond a reasonable doubt of possession of a controlled substance because the State failed to prove that he knowingly and voluntarily possessed the cocaine. He points out that Shannon admitted possessing the cocaine. Also, Williams argues that his possession only occurred involuntarily and momentarily as a result of Shannon telling him to throw the cocaine out the car window. We disagree with Williams' misplaced logic. The record does not support his conclusion.

■ To support a conviction for unlawful possession of a controlled substance, the State must prove the defendant had knowledge of the substance and that it was under his immediate and exclusive control. (*People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.) However, possession may also be constructive. Additionally, the rule that posses-

sion must be exclusive does not preclude joint possession. *People v. Burke* (1985), 136 Ill. App. 3d 593, 483 N.E.2d 674.

On appeal, when reviewing a conviction in a criminal case, the court will preserve the trier of fact's role as weigher of the evidence by viewing the evidence in the light most favorable to the prosecution. The relevant question upon review is whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) Proof beyond a reasonable doubt does *not* require the exclusion of every possible doubt. We note that as long as the entire chain of circumstances leads to a reasonable certainty that the accused committed the crime, the judgment must be upheld. *People v. Stepteau* (1986), 142 Ill. App. 3d 400, 491 N.E.2d 821.

■ After reviewing the evidence in light of the foregoing principles, we conclude that a rational trier of fact could have found Williams guilty as charged. The record shows that Williams, while riding in the car, bent down and came back several times to an upright position. In addition, Williams was seen by two police officers throwing handfuls of cocaine out the car window. Williams also was observed throwing several unopened bags out the window. The bags contained a white substance which broke apart after striking the pavement. Based on this evidence, we find the State clearly established that Williams possessed the cocaine.

■ Now we review Williams' contention that Shannon's testimony proved his possession was involuntary. The jury was free to disregard Shannon's testimony because the jury was the ultimate trier of fact. The jury's function is to weigh the evidence and judge the witnesses' credibility. Here, the jury obviously did not believe Shannon's version of the story. Rather, the jury believed the State's evidence, which showed that Williams had possessed the cocaine and threw several unopened bags out the car window. Therefore, the jury could reasonably conclude that Williams had committed the crime and his possession was not involuntary.

The defendant next argues that the State failed to prove beyond a reasonable doubt that the substance containing cocaine weighed at least 15 grams because the State could not precisely quantify the weight of the debris which was comingled with the cocaine. We disagree.

The weight of a substance alleged to contain a controlled substance is an essential element of a charge of unlawful possession of that substance. Accordingly, where there is a lesser-included offense for possessing a smaller amount, the weight of the substance containing the drug must be proved beyond a reasonable doubt. (*People v. Hill* (1988), 169

Ill. App. 3d 901, 524 N.E.2d 604.) However, the State may determine the weight of the contraband based upon its condition at the time it was seized or discovered. (*People v. Calhoun* (1977), 46 Ill. App. 3d 691, 361 N.E.2d 55.) This court in *Calhoun* allowed bits of paper and soil mixed with cannabis to be properly considered in determining the weight of a substance containing cannabis.

■ Here, the evidence shows that Williams created the dilemma which he now complains of by throwing the cocaine onto a debris-filled highway. The record clearly shows that the police and the forensic expert did everything reasonably possible to eliminate the debris from the cocaine. Based on these facts and our holding in *Calhoun*, we refuse to allow Williams to benefit from the situation he created. Accordingly, we reject Williams' contention that the State failed to prove beyond a reasonable doubt that the cocaine weighed over 15 grams.

Williams next complains about several remarks the prosecutor made during his closing argument. He contends that the remarks amounted to reversible error. We disagree. Williams first alleges the prosecutor improperly appealed to the fears and prejudices of the jury when he stated that drugs are a horrible problem in the community.

The Illinois Supreme Court has noted that the State's Attorney is the representative of all of the people, including the defendant, and it is as much his duty to safeguard the rights of the defendant as those of any other citizen. At the same time, the State's Attorney is expected to prosecute with earnestness and vigor. (*People v. Lyles* (1985), 106 Ill. 2d 373, 478 N.E.2d 291.) Where the prosecutor's closing argument serves no purpose except to inflame the jury, the statements constitute error. However, improper remarks generally do not constitute reversible error unless they result in substantial prejudice to the accused. *People v. Tiller* (1982), 94 Ill. 2d 303, 447 N.E.2d 174.

■ Here, while we do not approve of the prosecutor's comments, we do not find they resulted in substantial prejudice to Williams. The prosecutor only made a brief remark concerning the problem of drugs in society and did not dwell upon the issue. Therefore, we find the prosecutor's comments were not so prejudicial that they denied Williams his constitutional right to a fair trial.

Williams next argues that the prosecutor improperly commented upon evidence that was not admitted at trial. Specifically, he complains about the following comments made by the prosecutor:

"What do you think is going on in that car? What do you think these two are up to coming back from Chicago? They've got a lot of cocaine in that car, a lot more than what you saw in this courtroom today. A lot more."

It is well established that a prosecutor has great latitude in making closing arguments and absent a clear abuse of discretion, the trial court's determination concerning the propriety of the comments will not be disturbed. (*People v. Barkauskas* (1986), 147 Ill. App. 3d 360, 497 N.E.2d 1183.) A prosecutor can argue any logical inference which can be drawn from the evidence. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ We note that Williams' counsel made two objections to the prosecutor's comments. Both objections were overruled by the trial court. However, we decline to find the trial court abused its discretion in ruling that the comments were not improper. The record shows that two police officers saw Williams throw several unopened bags of a white substance out the car window. The evidence also shows that much of this substance was not collected because it was scattered on the highway. However, since the substance ultimately retrieved tested positive for cocaine, one can logically infer that the additional white substance not retrieved was also cocaine. Consequently, the prosecutor could reasonably argue that Williams had more cocaine in his possession than the amount collected and admitted into evidence. Therefore, we find the prosecutor's comments were not improper because they were logical inferences reasonably drawn from the evidence.

Williams' next three contentions deal with the fines he was ordered to pay. He first alleges that the trial court improperly imposed a street value fine of $2,000 without any evidence indicating the fine actually represented the value of the cocaine found in his possession. Williams' second contention is that his $20 crime victim relief fine was improperly imposed because it was not specifically ordered by the trial court during his sentencing hearing.

■ Issues not objected to at trial or raised in a post-trial motion are considered waived on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The record shows that Williams' private counsel made no objections at trial, or in any post-trial motions, concerning the fines which are now objected to on appeal. Therefore, we find that the issues concerning the fines have been waived on appeal.

■ Williams' final contention is that he is entitled to a $175 reduction in his fines in order to properly reflect a $5-a-day credit for his 35 days of pretrial custody. The State did not respond to this argument. We believe the State has conceded that Williams is entitled to a $5-per-day credit for the time he served prior to his conviction. (Ill. Rev. Stat. 1991, ch. 38, par. 110—14.) We also agree with Williams' contention and therefore direct the trial court to reduce Williams' fine by $175.

The judgment of the circuit court of Kankakee County is affirmed as modified with Williams' fine being reduced by $175.

Affirmed as modified.

BARRY and SLATER, JJ., concur.