275 So.2d 184 (1973)
STATE of Louisiana
v.
James Wade GREEN.
No. 52547.
Supreme Court of Louisiana.
March 8, 1973.
*185 W. Carl Roberts, Dan W. Stewart III, Minden, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., John A. Richardson, Dist. Atty., ad hoc, Walter L. Smith, Jr., Asst. Atty. Gen., for plaintiff-appellee.
PER CURIAM.
Defendant, James Wade Green, after a trial by jury, was convicted of murder, La.R.S. 14:30, on January 12, 1972 and subsequently given the death sentence. During the proceedings he reserved and perfected eight bills of exceptions. On this appeal, defense counsel has urged only three errors however, apparently having abandoned the remaining bills of exceptions.
Bill of Exceptions No. 1 was taken to the trial court's ruling that the State's answers to the defendant's Motion for a Bill of Particulars were sufficient. The defendant's complaint is based upon the State's failure to inform him of the following: (1) the model, and serial numbers of the alleged murder weapon, its make and the name of the gun's owner; (2) whether any ballistics tests and any other scientific or chemical analyses had been made with regard to any weapons allegedly used by the defendant in the crime charged; and (3) the names of any witnesses interviewed by the State in connection with the case.
All these requests seek pre-trial discovery, and it is now well settled that full pre-trial discovery of the State's evidence is unavailable under our criminal procedure. State v. Burkhalter, 260 La. 27, 255 So.2d 62 (1971) and the cases cited therein.
There is no merit to this bill of exceptions.
Bill of Exceptions No. 2 was reserved on the grounds that La.C.Cr.P. art. 313 is unconstitutional as violating the presumption of innocence and violative of the due process clause of the Fourteenth Amendment of the United States Constitution.
La.C.Cr.P. art. 313, regulating release on bail pending trial, provides in its pertinent part (2):
"* * * (2) after indictment (the burden of proof) is on the defendant to show that the proof is not evident nor the presumption great that he is guilty of the capital offense."
*186 In Louisiana, the presumption of innocence is a guide to the jury. If it were absolute and operative at every stage of a prosecution, the defendant could never be jailed until conviction. It does not prevent arrest. See Arrest-La.C.Cr.P. arts. 201, 213; La.Const. Art. I, Sect. 12.[1] There is little relationship between the right to bail and the presumption of innocence. The presumption of innocence is operative and protects against conviction, not against arrest (which is taking into custody). We find no merit in defendant's argument that La.C.Cr.P. art. 313 is unconstitutional. See also State v. Holmes, 263 La. 685, 269 So.2d 207 (1972).[2]
In any event, by virtue of the subsequent proceedings, the trial, conviction and sentencing, the matter of bail is not reviewable on appeal. We find no merit to Bill No. 2.
Bill of Exceptions No. 3 was reserved to the denial by the trial court of a Motion for a Change of Venue.
To warrant a change of venue, the burden is upon the defendant to establish that he cannot obtain a fair trial in the parish where the prosecution is pending. State v. Curry, 262 La. 280, 263 So.2d 36 (1972).
Of the three defense witnesses who testified on the hearing of the Motion for a Change of Venue, only one, Mr. C. O. Holland, stated unequivocally that the accused could not receive a fair trial in Webster Parish. Although Mr. Holland was a most impressive witness in support of the defendant's claim that a fair verdict could not be brought in by reason of all the publicity, the record reveals that the exhibits of news articles and broadcasts introduced into evidence occurred around the time of the murder, and this was not very prolonged. There was testimony that the radio station carried the item only for two days, and the newspapers reported headlines on three occasions mentioning the accused. Further, the shooting occurred on the night of March 2, 1971 and the trial did not occur until almost a year later, January 10, 1972. The limited coverage and the time element between the date of the commission of the offense and the date of the trial were important factors in the trial court's consideration of its ruling. State v. Poland, 255 La. 746, 232 So.2d 499, 503 (1970). See also State v. Pearson, 224 La. 393, 69 So.2d 512 (1954).
The granting of a change of venue is to be exercised with caution and always rests within the sound discretion of the trial judge, whose ruling denying the motion for same will not be disturbed unless the evidence affirmatively shows his ruling to be unfair and a clear abuse of judicial discretion. State v. Poland, supra. A careful review of the note of evidence, together with the exhibits made a part of this bill, convinces us the trial judge did not abuse the discretions invested in him.[3]
This bill is without merit.
*187 There is one other matter which remains for disposition in this case. The death penalty is invalid under the ruling of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). In accordance with our decision in State v. Franklin, 263 La. 344, 268 So.2d 249 (1972), the death sentence imposed upon the defendant is reversed, annulled and set aside, and the case is remanded to the Twenty-Sixth Judicial District Court of the Parish of Webster with instructions to the trial judge to sentence the defendant to life imprisonment.
For the reasons assigned herein, the conviction is affirmed, and the case is remanded to the district court for resentencing.
NOTES
[1] "All persons shall be bailable by sufficient sureties, except the following: 1. Persons charged with a capital offense, where the proof is evident or the presumption great . . ."
[2] "* * * we find it preferable to make no change in the interpretation of the constitutional provisions concerning bail. Those offenses classified as capital offenses, and those charged with an offense punishable by death before Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 are not entitled to bail where the proof is evident or the presumption great."
[3] La.C.Cr.P. art. 622 provides: "A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending. In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."