No. 2--01--1053

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Winnebago County.

)

Plaintiff-Appellee, )

)

v. ) No. 01--CF--1783

)  

)

WILLARD PURCELL, ) Honorable 

) Rosemary Collins,

Defendant-Appellant. ) Judge, Presiding.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Willard Purcell, has filed the instant appeal pursuant to Supreme Court Rule 604(c) (188 Ill. 2d R. 604(c)), seeking review of the September 10, 2001, order of the circuit court of Winnebago County denying bail.  On appeal, the defendant argues (1) that section 110--4(b) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/110--4(b) (West 2000)) is unconstitutional; and (2) that the trial court erred in denying his request for pretrial bail.

On August 2001, the defendant was arrested and indicted on four counts of first-degree murder (720 ILCS 5/9--1(a)(2), (a)(3), (b)(19) (West 2000)).  The defendant was alleged to have killed his wife, Barbara Purcell, by striking her repeatedly in the head with a blunt object.  If convicted of the charged offense, the defendant may receive a sentence of life imprisonment.  730 ILCS 5/5--8--1(a)(1)(b) (West 2000).

Following his arrest, the defendant filed a motion requesting bail.  The defendant also filed a motion seeking a determination that section 110--4 of the Code (725 ILCS 5/110--4 (West 2000)) is unconstitutional.  Section 110--4(a) provides that a defendant may not obtain bail where "the proof is evident or the presumption great" that the defendant committed a capital offense or an offense for which he may be sentenced to life imprisonment.  725 ILCS 5/110--4(a) (West 2000).  Section 110--4(b) places the burden of demonstrating that the proof of guilt is not evident and the presumption of guilt not great upon the individual seeking release on bail.  725 ILCS 5/110--4(b) (West 2000).  In his motion before the trial court, the defendant argued that subsection (b) violates the presumption of innocence accorded to criminal defendants while awaiting trial.  See 
Stack v. Boyle
, 342 U.S. 1, 96 L. Ed. 3, 72 S. Ct. 1 (1951).

On August 15, 2001, the trial court denied the defendant's motion to declare section 110--4(b) of the Code unconstitutional.  Then, on September 10, 2001, following a hearing, the trial court denied the defendant's motion for pretrial bail.  The trial court found that the defendant did not meet his burden of demonstrating that the proof of his guilt was not evident and that the presumption of his guilt was not great.  The defendant then filed the instant appeal pursuant to Supreme Court Rule 604(c).

We will first address the defendant's constitutional argument.  The right of an accused to obtain pretrial bail is governed by article I, section 9, of the Illinois Constitution of 1970.  Ill. Const. 1970, art. I, §9.
  That section provides:

"All persons shall be bailable by sufficient sureties, except the following offenses where the proof is evident or the presumption great: capital offenses and offenses for which a sentence of life imprisonment may be imposed as a consequence of conviction ***."  Ill. Const. 1970, art. I, §9.

Section 110--4 of the Code is a codification of this constitutional provision.  That section provides:

"(a) All persons shall be bailable before conviction, except the following offenses where the proof is evident or the presumption great that the defendant is guilty of the offense: capital offenses and offenses for which a sentence of life imprisonment may be imposed as a consequence of conviction ***.

(b) A person seeking release on bail who is charged with a capital offense or an offense for which a sentence of life imprisonment may be imposed shall not be bailable until a hearing is held wherein such person has the burden of demonstrating that the proof of his guilt is not evident and the presumption is not great."  725 ILCS 5/110--4 (West 2000).

Subsection (b) goes beyond the language of article I, section 9, and was added to clarify the issues of proof that might arise during bail proceedings.  725 ILCS Ann. 5/110--4, Committee Comments--1963, at 48 (Smith-Hurd 1992).  The language contained in this subsection was taken from section 68(2) of the Code of Criminal Procedure promulgated by the American Law Institute in 1930.  ALI Code of Criminal Procedure §68(2) (1930).  Under this provision, the burden falls upon the defendant seeking pretrial bail to establish that the proof of his guilt is not substantial.

As the defendant correctly notes, the due process clauses of both the United States and the Illinois Constitutions guarantee the accused that he will not be convicted on proof less than reasonable doubt of every fact necessary to constitute the crime with which he is charged.  U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2; 
Sullivan v. Louisiana
, 508 U.S. 275, 277-78, 124 L. Ed. 2d 182, 187-88, 113 S. Ct. 2078, 2080 (1993).  The complement to this guarantee is that the State bears the burden of proof and that the accused is presumed innocent.  
People v. Devine
, 295 Ill. App. 3d 537, 544 (1998).  The presumption of innocence attaches to the accused from the onset of the proceedings and is one of the underpinnings of an accused's right to bail.  See 
Stack
, 342 U.S. at 4, 96 L. Ed. at 6, 72 S. Ct. at 3.  The traditional right to freedom before conviction permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to conviction.  
Stack
, 342 U.S. at 4, 96 L. Ed. at 6, 72 S. Ct. at 3.

The question of whether section 110--4(b) infringes upon an accused's presumption of innocence has not previously been addressed by an Illinois court.  However, Illinois' constitutional bail provision is not unique; the constitutions of most states contain similar provisions guaranteeing bail to the accused, except in cases punishable by death or life imprisonment where the proof is evident or the presumption great.  As a result, there are a number of reported cases nationwide in which courts have considered the question of whether the State or the accused bears the burden during a bail hearing for an offense for which death or life imprisonment may be imposed, to show, or to disprove, that the proof is evident or the presumption great.  See H. Hirschberg, Annotation, 
Upon Whom Rests Burden of Proof, Where Bail is Sought Before Judgment But After Indictment in Capital Case, as to Whether Proof is Evident or the Presumption Great
, 89 A.L.R.2d 355 (1963).  The decisions in these cases have been conflicting, some holding that the State has the burden, and others holding that the burden falls on the accused.

In those cases placing the burden upon the State to prove that the accused's guilt is evident or that the presumption of such guilt is great, the courts have relied upon the presumption of innocence.  See  
Orona v. District Court
, 184 Colo. 55, 518 P.2d 839 (1974)
; 
In re Steigler
, 250 A.2d 379 (Del. 1969)
; 
State v. Arthur
, 390 So. 2d 717 (Fla. 1980); 
Young v. Russell
, 332 S.W.2d 629 (Ky. 1960);
  
Application of Wheeler
, 81 Nev. 495, 406 P.2d 713 (1965)
;  
Fountaine v. Mullen
, 117 R.I. 262, 366 A.2d 1138 (1976)
.  These courts have explained that the presumption of innocence precludes any inference that the accused committed the charged offense.  Finding that an indictment has no evidentiary value, these courts have held that the indictment does not raise a presumption, 
prima
 
facie
 or otherwise, that the accused is guilty.  See, 
e.g.
, 
Arthur
, 390 So. 2d at 719-20.  Additionally, in placing the burden of proof on the State, these courts have explained that the right to bail is constitutionally guaranteed, subject only to exceptions for certain designated offenses.  These courts hold that the State has the burden to show the existence of one of the exceptions and prove that the defendant is not entitled to bail.  See 
Beck v. State
, 648 S.W.2d 7 (Tex. Crim. App. 1983).

For example, in 
Arthur
, the Florida Supreme Court held that the presumption of innocence protected the accused for all purposes while awaiting trial and that it was the State's burden to prove the facts which removed the accused's entitlement to bail.  
Arthur
, 390 So. 2d at 719-20.  The court explained that, under the State's constitution, bail could only be denied when the accused was charged with a crime punishable by death of life imprisonment 
and
 that the proof of guilt was evident or the presumption great.  The court therefore held that the indictment or information, standing alone, could not serve as proof or a presumption of guilt.  
Arthur
, 390 So. 2d at 719.  Rather, the court held that the State was required to come forward with an independent showing that the proof of guilt was evident or the presumption of guilt great.  
Arthur
, 390 So. 2d at 720.  The court also noted that, as a matter of convenience, fairness, and practicality, it was preferable that the State carry the burden of proof, as it was presumably in a better position to present to the court the evidence upon which it intended to rely.  
Arthur
, 390 So. 2d at 720.

In 
Wheeler
, the Nevada Supreme Court similarly concluded that the State bears the burden to show that the accused should not be admitted bail.  
Wheeler
, 81 Nev. at 499, 406 P.2d at 716.  The Nevada constitution provides that "[a]ll persons shall be bailable by sufficient sureties; unless for Capital Offenses when the proof is evident, or the presumption great."  Nev. Const., art. 1, §7.  Construing this language, the court concluded that all offenses are bailable, including capital offenses, as a matter of right.  However, the court noted that the right to bail in a capital case could be limited upon a showing that the proof of guilt is evident or the presumption great.  
Wheeler
, 81 Nev. at 499, 406 P.2d at 715.  Explaining that the accused is presumed innocent of the charged offense until proven guilty, the court held that the burden rests on the State to show that the right to bail is limited rather than absolute.  
Wheeler
, 81 Nev. at 499, 406 P.2d at 716.

In 
Steigler
, the Delaware Supreme Court considered the effect of a statute similar to section 110--4(b) of the Code.  
Steigler
, 250 A.2d at 382.  That statute placed the burden upon the accused seeking pretrial bail in a capital case to demonstrate that "there is good ground to doubt the truth of the accusation."  
Steigler
, 250 A.2d at 382.  Although the court did not hold the statute unconstitutional, it nonetheless found that the burden of going forward with evidence at a bail hearing could not be placed upon the accused.  The court explained:

"Delaware seemingly [is] among the states holding that the indictment raises a 
prima facie
 presumption of proof positive or presumption great.  We think, however, the rule, if indeed it has been the rule of this State, offends against a basic concept of our criminal law--the presumption of innocence until found guilty after trial.  There is something inherently contradictory in maintaining the presumption of innocence until final conviction and, at the same time, presuming probable guilt from the fact of indictment when the accused seeks to exercise his constitutional right to bail.

The right to bail is constitutionally conferred in all offenses with one exception--a capital offense where the proof is positive or the presumption great.  Since the general rule is admission to bail, the State, if it seeks to invoke the exception to the rule, must bear the burden of going forward with the evidence to produce facts to warrant the invocation of the exception."  
Steigler
, 250 A.2d at 382-83.

The court therefore held that the State must go forward with evidence tending to show "proof positive or presumption great."  The court explained that, once this has been done, the State has sufficiently laid the basis for the application of the exception to the constitutional right to bail and the burden of proof then falls upon the accused to demonstrate the contrary.  
Steigler
, 250 A.2d at 383.

Other jurisdictions have held that the burden to show that the proof of guilt is not evident or the presumption of guilt not great falls upon the accused seeking bail.  The courts in these jurisdictions have found that the indictment raises a 
prima
 
facie
 presumption of guilt that the accused must overcome by sufficient rebuttal evidence.  See 
Partlow v. State
, 453 N.E.2d 259 (Ind. 1983); 
State v. Green
, 275 So. 2d 184 (La. 1973);  
Fischer v. Ball
, 212 Md. 517, 129 A.2d 822 (1957).  This presumption is held to create an inference of guilt for all purposes except the actual trial.  As already noted, this was the view taken by the American Law Institute in its 1930 Code of Criminal Procedure.
  ALI Code of Criminal Procedure §68(2) (1930).

For example, in 
Green
, the Louisiana Supreme Court held that a state statute that placed the burden of proof on the accused seeking to obtain pretrial bail in capital cases did not violate the presumption of innocence or the due process clause of the fourteenth amendment to the United States Constitution.  
Green
, 275 So. 2d at 186.  The statute provided that "after indictment [the burden of proof] is on the defendant to show that the proof is not evident nor the presumption great that he is guilty of the capital offense."  
Green
, 275 So. 2d at 185, citing La. Code Crim. Proc. art. 313.  The court explained:

"[T]he presumption of innocence is a guide to the jury.  If it were absolute and operative at every stage of a prosecution, the defendant could never be jailed until conviction.  It does not prevent arrest. [Citations.]  There is little relationship between the right to bail and the presumption of innocence.  The presumption of innocence is operative and protects against 
conviction
, not against arrest (which is taking into custody).  We find no merit in defendant's argument that La.C.Cr.P. art. 313 is unconstitutional."  (Emphasis in original.)  
Green
, 275 So. 2d at 186. 

In 
Fischer
, a Maryland court also concluded that the finding of the indictment created, at the very least, a 
prima
 
facie
 presumption of guilt.  
Fischer
, 212 Md. at 523-24, 129 A.2d at 826.  The court held that the State had the right to rely on this presumption during a hearing to determine pretrial bond.  Thus, the court held that, when the accused seeks to remain at liberty on bail, the burden is upon him to rebut the presumption by introducing evidence that the proof of guilt is not positive and the presumption not great.  
Fischer
, 212 Md. at 523-24, 129 A.2d at 826.
  Accord 
Partlow v. State
, 453 N.E.2d 259 (Ind. 1983); 
State v. Monroe
, 397 So. 2d 1258 (La. 1981). 

After careful consideration of the foregoing authorities, we conclude that the correct approach is taken by those jurisdictions that place the burden upon the State to prove that the proof of the accused's guilt is evident and the presumption great.  We believe that such an approach is required by the due process guarantees of both the United States and Illinois Constitutions.  As noted above, the United States Supreme Court has held that the presumption of innocence applies during bail proceedings and is a primary underpinning of allowing pretrial bail.  See 
Stack
, 342 U.S. at 4, 96 L. Ed. at 6, 72 S. Ct. at 3.  Accordingly, we must disagree with those jurisdictions that have held the presumption of innocence is not operative until the time of trial.

Because the presumption of innocence is operative during pretrial bail proceedings, we fail to see how an accused can be constitutionally required to prove that the evidence of his guilt is not great.  Such a burden plainly flies in the face of the presumption of innocence and impermissibly shifts the evidentiary burden from the State to the accused.  See 
Arthur
, 390 So. 2d at 720.  The presumption of innocence guarantees that the accused has no obligation to come forward with any evidence concerning the proof, or lack thereof, of any of the elements of the charged offense.  Rather, as both the federal and state constitutions protect the right to bail, we believe that the State must have the burden of demonstrating that the defendant should be deprived of such a right.

Additionally, we note that principles of basic fairness also require that the burden of proof fall upon the State.  
See 
Arthur
, 390 So. 2d at 720.
  As a practical matter, the accused is not in a good position to gather and present evidence during a bail hearing, as the criminal proceeding has been only recently initiated and the accused is in jail.  The State, on the other hand, has ready access to the evidence of the alleged offense and is in a better position to present such evidence during a bail hearing.  Indeed, in most cases, the State already
 will have presented evidence in order to secure an indictment from the grand jury.

We also decline to adopt the approach of those jurisdictions holding that the indictment creates a presumption of guilt and that the burden may be shifted to the accused to present evidence rebutting this presumption in order to obtain bail.  Although we acknowledge that the type of evidence introduced during a grand jury proceeding will be similar to that introduced at a bail hearing to establish that the proof of the accused's guilt is evident, we nonetheless believe that such an additional showing is constitutionally required.  The presumption of innocence guarantees that the accused in not required to introduce any evidence concerning the alleged offense
.  We therefore do not believe that any evidentiary burden, whether it be rebuttal or otherwise, to show lack of guilt can be imposed upon the accused.

However, this is the precise burden that section 110--4(b) of the Code requires of the accused.  As noted above, the statute provides that "[a] person seeking release on bail who is charged with a capital offense or an offense for which a sentence of life imprisonment may be imposed shall not be bailable until a hearing is held wherein such person has the burden of demonstrating that the proof of his guilt is not evident and the presumption is not great."  725 ILCS 5/110--4(b) (West 2000).  In its initial brief, the State argues that it was appropriate to place such a burden upon the defendant because the burden is imposed only after the trial court has made its own initial, independent determination that the proof of the defendant's guilt is evident and that the presumption is great.  However, we find no support for this argument in section 110--4, which contains no language requiring the trial court to make such an initial determination.  Even if such language did appear in the statute, we would nonetheless conclude that section 110--4(b) impermissibly violates the presumption of innocence.  We hold that no burden of proof can be placed upon the defendant to establish his constitutionally guaranteed right to bail.

We also are unpersuaded by the State's reliance upon 
Bell v. Wolfish
, 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979).  In that case, the United States Supreme Court reviewed a class action brought by pretrial detainees challenging the conditions of their pretrial confinement.  Among other things, the detainees argued that the presumption of innocence provided a substantive right to be free from conditions of confinement that were not justified by compelling necessity.  
Bell
, 441 U.S. at 532, 60 L. Ed. 2d at 464, 99 S. Ct. at 1870.  The Court rejected this constitutional argument, explaining that the presumption of innocence has no application to a determination of the rights of a pretrial detainee during confinement before his trial has begun.  
Bell
, 441 U.S. at 532-33, 60 L. Ed. 2d at 464-65, 99 S. Ct. at 1870-71.
 

Because 
Bell
 was not concerned with bail proceedings, we do not believe that it is applicable to the instant case.  Indeed, we note that, in determining the scope of a detainee's constitutional rights, the 
Bell
 Court explained that "[w]e are not concerned with the initial decision to detain an accused and the curtailment of liberty that such a decision necessarily entails."  
Bell
, 441 U.S. at 533-34, 60 L. Ed. 2d at 465, 99 S. Ct. at 1871.
  Rather, we believe that the governing precedent can be found in 
Stack
, where the United States Supreme Court held that the presumption of innocence did attach to bail proceedings.  
Stack
, 342 U.S. at 4, 96 L. Ed. at 6, 72 S. Ct. at 3.
  We therefore hold that, in those cases where bail may be denied, the burden falls upon the State to show that the defendant is not entitled to bail because the proof of his guilt is evident and the presumption great.  Accordingly, we find that section 110--4(b) of the Code is unconstitutional.

We further hold that invalidity of subsection (b) is not fatal to the remainder of the statute.  This court has an obligation to uphold legislative enactments whenever reasonably possible, and we may excuse an offending provision of a statute and preserve the remainder provided the remainder is complete in and of itself and is capable of being executed wholly independently of the severed portion.  
People v. Sanders
, 182 Ill. 2d 524, 534 (1998).  Offending provisions should also be severed when, even in the absence of the excised provision, the General Assembly would still have adopted the Act.  
Sanders
, 182 Ill. 2d at 534.

We believe that the legislature would endorse the remainder of section 110--4 without subsection (b).  Subsection (a) of the statute essentially codifies the bail provisions contained in article I, section 9.  Subsections (c) and (d) of the statute provide that, when the State seeks to deny bail because the accused presents a threat to the physical safety of another or because the accused is charged with stalking, the burden of proof of such circumstances falls upon the State.  725 ILCS 5/110--4(c), (d) (West 2000).  We believe that subsections (a), (c), and (d) can stand independently of subsection (b) and that the removal of subsection (b) undermines neither the completeness of nor the ability to execute these remaining subsections.  By removing section (b), this court can neutralize a constitutional infirmity without altering any of the remaining statute.  See 
Sanders
, 182 Ill. 2d at 534.

As his second contention on appeal, the defendant argues that the trial court abused its discretion in denying his request for pretrial bail.  The defendant argues that he is not a danger to the community or a flight risk and requests that we direct the trial court to set his bail in the amount of $500,000.  Rather than address the merits of this argument, we believe that the more appropriate course is to remand the cause for a new hearing on the defendant's motion for pretrial bail.  A review of the record demonstrates that, at the hearing on the defendant's request for bond, the trial court placed the burden upon the defendant to prove that the proof of his guilt was not evident and the presumption of guilt not great.  After hearing the evidence presented by the parties, the trial court found that the defendant had not satisfied his burden and denied his request for bail.  In light of the foregoing discussion, we conclude that such proceedings were constitutionally infirm, as they deprived the defendant of his constitutional right to due process.  We therefore believe that fundamental fairness requires that this case be remanded for a new hearing utilizing the appropriate burden of proof.  Accordingly, we vacate the trial court's order denying the defendant's request for bail and remand the cause for a new hearing.  At the hearing, the burden of proof shall be upon the State to show that the proof of the defendant's guilt is evident and the presumption of guilt great.

For the foregoing reasons, we vacate the trial court's September 10, 2001, order, and we remand the cause for a new hearing upon the defendant's motion for pretrial bail conducted in conformity with the views expressed herein.

Order vacated; cause remanded.

HUTCHINSON, P.J., and McLAREN, J., concur.