(No. 92739

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLARD PURCELL, Appellee.

*Opinion filed October 3, 2002.*

James E. Ryan, Attorney General, of Springfield, and Paul A. Logli, State's Attorney, of Rockford (Joel D. Bertocchi, Solicitor General, William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Martin P. Moltz and Lawrence M. Bauer, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

Peter B. Nolte and Nick E. Zimmerman, of Sreenan & Cain, P.C., of Rockford, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

In August 2001, defendant was arrested and indicted in the circuit court of Winnebago County on four counts of first degree murder pursuant to sections 9—1(a)(2), (a)(3), and (b)(19) of the Criminal Code of 1961 (720 ILCS 5/9—1(a)(2), (a)(3), (b)(19) (West 2000)). On appeal following denial of bail, the appellate court declared unconstitutional section 110—4(b) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/110—4(b) (West 2000)) and remanded the matter to the trial court

for consideration of defendant's bail request. 325 Ill. App. 3d 551. We granted the State's timely appeal. 177 Ill. 2d R. 315; 134 Ill. 2d R. 317. We affirm and hold that section 110—4(b) violates article I, section 9, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 9).

## BACKGROUND

In August 2001, defendant was arrested and indicted on four counts of first degree murder. 720 ILCS 5/9—1(a)(2), (a)(3), (b)(19) (West 2000). The defendant allegedly killed his wife by striking her repeatedly in the head with a blunt object. If convicted of the charged offense, defendant would be eligible to receive a sentence of life imprisonment. 730 ILCS 5/5—8—1(a)(1)(b) (West 2000). Defendant filed motions requesting bail and seeking a determination that section 110—4(b) of the Code (725 ILCS 5/110—4(b) (West 2000)) is unconstitutional.

The right of an accused to obtain pretrial bail is governed by article I, section 9, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 9). This section provides:

"All persons *shall be bailable* by sufficient sureties, *except* for the following offenses where the proof is evident or the presumption great: capital offenses; offenses for which a sentence of life imprisonment may be imposed as a consequence of conviction; and felony offenses for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction, when the court, after a hearing, determines that release of the offender would pose a real and present threat to the physical safety of any person. The privilege of the writ of habeas corpus shall not be suspended except in cases of rebellion or invasion when the public safety may require it.

Any costs accruing to a unit of local government as a result of the denial of bail pursuant to the 1986 Amendment to this Section shall be reimbursed by the State to the unit of local government." (Emphases added.) Ill. Const. 1970, art. I, § 9.

On August 15, 2001, the trial court denied defendant's motion to declare section 110—4(b) unconstitutional. On September 10, 2001, the trial court denied defendant's motion for pretrial bail, finding that he did not meet his burden under section 110—4(b) to demonstrate that the proof of his guilt was not evident and the presumption of his guilt was not great.

Defendant appealed denial of bail by filing a motion for review under Supreme Court Rule 604(c) (188 Ill. 2d R. 604(c)). The appellate court vacated the finding of the trial court and remanded, holding that section 110—4(b) is unconstitutional and that defendant's pretrial bail proceedings deprived defendant of his constitutional right to due process. The appellate court also held that the unconstitutionality of subsection (b) is not fatal to the remainder of section 110—4. The State has appealed the judgment of the appellate court.

## ANALYSIS

We are asked to determine whether section 110—4(b) of the Code (725 ILCS 5/110—4(b) (West 2000)) violates constitutional guarantees of due process. We review *de novo* a circuit court's holding with respect to the constitutionality of a statute. *People v. Conlan*, 189 Ill. 2d 286, 291 (2000); *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 441 (1998). Statutes enjoy a presumption of constitutionality. *Conlan*, 189 Ill. 2d at 291. The party challenging the validity of a statute bears the burden of clearly establishing the alleged constitutional violation. *People v. Williams*, 143 Ill. 2d 477, 481 (1991). While this presumption certainly does not mean that statutes are unassailable, neither should courts lightly or cavalierly declare unconstitutional that which the representatives of the people have seen fit to enact. *Conlan*, 189 Ill. 2d at 291-92. It is our duty to strike down legislation that plainly violates the constitution. *Williams*, 143 Ill. 2d at 481, quoting *People v. Lindner*,

127 Ill. 2d 174, 184 (1989). This is especially true when the legislation affects an individual's liberty or constitutional due process rights. The due process clause provides heightened protection against government interference with certain fundamental rights and liberty interests. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2; *In re M.H.*, 196 Ill. 2d 356, 362 (2001), quoting *Washington v. Glucksberg*, 521 U.S. 702, 719-20, 138 L. Ed. 2d 772, 787, 117 S. Ct. 2258, 2267 (1997). Although the legislature has wide discretion in prescribing penalties for defined criminal offenses, this discretion is limited by the constitutional guarantee that a person may not be deprived of liberty without due process of law. *People v. Reed*, 148 Ill. 2d 1, 11 (1992). Although our inquiry in this case involves matters of criminal procedure rather than criminal penalties, the importance of protecting constitutional due process rights is not diminished.

Denial of Pretrial Bail Under the Illinois Constitution

A defendant may be denied bail in certain instances enumerated in the Illinois Constitution and by statute. See Ill. Const. 1970, art. I, § 9; 725 ILCS 5/110—4(a), (b) (West 2000); *People v. Bailey*, 167 Ill. 2d 210 (1995); *People ex rel. Hemingway v. Elrod*, 60 Ill. 2d 74 (1975). The constitution states expressly that bail may be denied if the accused is charged with a capital offense or an offense for which a sentence of life imprisonment may be imposed and where the proof is evident or the presumption great. Ill. Const. 1970, art. I, § 9. However, article I, section 9, does not indicate expressly how the trial court in a bail proceeding in a capital case is to determine whether the proof is evident or the presumption great. Section 110—4 is a codification of article I, section 9, and provides courts with additional guidance for the execution of bail proceedings. Section 110—4 provides, in part:

"(a) All persons shall be bailable before conviction, except the following offenses where the proof is evident or

the presumption great that the defendant is guilty of the offense: capital offenses; offenses for which a sentence of life imprisonment may be imposed as a consequence of conviction ***.

(b) A person seeking release on bail who is charged with a capital offense or an offense for which a sentence of life imprisonment may be imposed *shall not be bailable* until a hearing is held wherein *such person has the burden* of demonstrating that the proof of his guilt is not evident and the presumption is not great." (Emphases added.) 725 ILCS 5/110—4(a), (b) (West 2000).

Section 110—4(b) goes beyond the language of article I, section 9, and was added to clarify issues of proof arising during bail proceedings. 725 ILCS Ann. 5/110—4, Committee Comments—1963, at 48 (Smith-Hurd 1992). Under this section, a defendant seeking pretrial bail who is charged with a capital offense, or an offense for which a sentence of life imprisonment may be imposed, bears the burden to establish that the proof of his guilt is not "evident."

The issue of whether 110—4(b) violates the Illinois or United States Constitution has not previously been addressed by an Illinois court. However, the constitutions of many other states contain similar provisions guaranteeing bail to the accused except in cases punishable by life imprisonment where the proof is evident and the presumption great. See, *e.g.*, Colo. Const., art. II, § 19; Fla. Const. 1968, art. I, § 14; Del. Const., art. I, § 12; Ky. Const. § 16; La. Const. 1974, art. I, § 18; Nev. Const., art. I, § 7; R.I. Const. 1956, art. I, § 9. As a result, there are a number of cases from other jurisdictions in which courts have considered the question of whether the State or the accused bears the burden during bail proceedings with regard to whether the proof is evident or the presumption great. Many courts have relied on the principle of an accused's presumption of innocence to place the burden upon the State. See, *e.g.*, *Orona v. District Court*, 184 Colo. 55, 518 P.2d 839 (1974); *In re*

*Steigler*, 250 A.2d 379 (Del. 1969); *State v. Arthur*, 390 So. 2d 717 (Fla. 1980); *Young v. Russell*, 332 S.W.2d 629 (Ky. 1960); *In re Application of Wheeler*, 81 Nev. 495, 406 P.2d 713 (1965); *Fountaine v. Mullen*, 117 R.I. 262, 366 A.2d 1138 (1976). Other courts have placed the burden on the accused, finding that an indictment raises a *prima facie* presumption of guilt that the accused must overcome by sufficient rebuttal evidence. See, *e.g.*, *Partlow v. State*, 453 N.E.2d 259 (Ind. 1983); *State v. Green*, 275 So. 2d 184 (La. 1973); *Fischer v. Ball*, 212 Md. 517, 129 A.2d 822 (1957).

We must first examine the viability of section 110—4(b) in light of the language of our own constitution. In general, the rules of statutory construction apply to the construction of constitutional provisions. *People ex rel. Chicago Bar Ass'n v. State Board of Elections*, 136 Ill. 2d 513, 526 (1990). The best guide to interpreting the Illinois Constitution is the document's own plain language. *Cincinnati Insurance Co. v. Chapman*, 181 Ill. 2d 65, 77 (1998). Interpretation of a constitutional provision begins with the language of the provision. *Graham v. Illinois State Toll Highway Authority*, 182 Ill. 2d 287, 301 (1998). When the meaning of a provision cannot be derived from the plain language of the constitution, we must endeavor to give meaning to an ambiguous provision or term. See *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483 (1984). A statute or constitutional provision is ambiguous if its meaning cannot be interpreted from its plain language or when it is capable of being understood by reasonably well-informed persons in two or more different senses. See *In re B.C.*, 176 Ill. 2d 536, 543 (1997); *People v. Jameson*, 162 Ill. 2d 282, 288 (1994).

Section 9 states that "[a]ll persons *shall be* bailable *** *except* *** where the proof is evident or the presumption great ***." (Emphases added.) Ill. Const. 1970, art. I, § 9. This creates a rebuttable presumption that the ac-

cused is eligible for bail. Section 9 is ambiguous in that it lacks an express allocation of the burden of rebutting this presumption to either the State or the defendant. An interpretation of section 9 placing the burden of rebutting that presumption on the defendant would essentially change the meaning of the constitution's language from *"shall be* bailable \*\*\* *except"* (emphases added) (Ill. Const. 1970, art. I, § 9) to *"shall not* be bailable *unless"* or, as section 110—4(b) states, *"shall not* be bailable *until"* (emphases added) (725 ILCS 5/110—4(b) (West 2000)). While this change in meaning may appear slight, the implications on due process rights would be monumental. Had the framers intended that a capital defendant could never receive bail unless he or she met certain burdens or made significant showings at the pretrial phase of proceedings, it is reasonable to assume that they would not have accomplished this goal in such a cumbersome manner.

The object of bail is to make certain the defendant's appearance in court and bail is not allowed or refused because of his presumed guilt or innocence. *People ex rel. Hemingway*, 60 Ill. 2d at 81. The denial of bail must not be based on mere suspicion but must be supported by sufficient evidence to show that it is required. *People ex rel. Hemingway*, 60 Ill. 2d at 79-80. As our constitution expressly protects the right of a defendant to bail unless certain circumstances exist, the prosecution must have the burden of showing sufficient evidence that a defendant should be denied that constitutional right. As a practical matter, the State is in a better position to present such evidence during a bail hearing. In most cases, the State will have already presented some evidence against the accused in order to secure an indictment from the grand jury. The accused, on the other hand, is often in a very poor position to gather and present evidence at a bail hearing, as he is incarcerated

and facing charges in a criminal proceeding only recently initiated against him. Placing the burden on the accused is, in effect, forcing him to prove a negative.

We note that in other subsections of section 110—4, the legislature chose to expressly place the burden on the State. When it is alleged that bail should be denied upon the grounds that the defendant presents a threat to the physical safety of others, the burden is placed on the State under section 110—4(c) (725 ILCS 5/110—4(c) (West 2000)). Likewise, the State has the burden under subsection (d) when it is alleged that bail should be denied to a person charged with stalking or aggravated stalking (see 725 ILCS 5/110—6.3 (West 2000)). 725 ILCS 5/110—4(d) (West 2000). We are not concerned with the General Assembly's rationale for providing for a different allocation of the burden in cases where the accused is charged with a capital offense or an offense for which a sentence of life imprisonment may be imposed. Our role is not to determine how wise legislation may be, but rather to determine its constitutionality. *People v. J.S.*, 103 Ill. 2d 395, 407 (1984); *People v. Joseph*, 113 Ill. 2d 36, 41 (1986).

Having found section 110—4(b) unconstitutional under article I, section 9, of the Illinois Constitution, we need not reach the parties' arguments with respect to any presumption of innocence or guilt at pretrial proceedings.

Severability of Section 110—4(b)

While we find section 110—4(b) unconstitutional, our holding does not serve to invalidate the entire statute. In light of our obligation to uphold legislative enactments whenever possible, we may excise an unconstitutional portion of a statute and preserve the remainder (see 5 ILCS 70/1.31 (West 2000)) if what remains is complete in and of itself, and is capable of being executed wholly independently of the severed portion. *People v. Sanders*,

182 Ill. 2d 524, 534 (1998). Here, the invalidity of subsection (b) is not fatal to the remainder of section 110—4. We believe that the legislature would endorse the remainder of section 110—4 without subsection (b) and that subsections (a), (c), and (d) can stand independently of subsection (b). The removal of subsection (b) undermines neither the completeness of nor the ability to execute the remaining subsections of section 110—4.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the appellate court and find section 110—4(b) of the Code in violation of article I, section 9, of the Illinois Constitution.

*Affirmed.*

JUSTICE RARICK took no part in the consideration or decision of this case.