THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE BROWN, Defendant-Appellant.

Third District  No. 3—92—0608

Opinion filed March 19, 1993.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Maurice Brown, pled guilty to unlawful possession of less than 15 grams of a substance containing cocaine (720 ILCS 570/402(c) (West 1992)). The trial court imposed a six-year term of imprisonment, a $225 street value fine, a $500 statutorily required assessment, a $50 crime lab fee, and a $131.34 public defender fee. Brown appeals.

On appeal, Brown raises two issues. First, he contends the trial court erred in concluding that his statutory $5-per-day credit for pretrial incarceration could not be used to offset the mandatory $500 assessment. Second, Brown contends the $225 street value fine was excessive.

■ We begin by noting that the $500 assessment was imposed pursuant to section 411.2 of the Illinois Controlled Substances Act (720 ILCS 570/411.2 (West 1992)). Section 411.2 does *not* specifically state that assessments cannot be offset by the general $5-per-day credit against fines provided for in section 110—14 of the Code of Criminal Procedure of 1963. (See 725 ILCS 5/110—14 (West 1992).) Had the legislature clearly intended to exclude section 411.2 from such credits, the legislature could have specifically made such an exclusion. (See, *e.g.*, 725 ILCS 240/10(c) (West 1992).) Therefore, we conclude that Brown's $5-per-day credit for pretrial incarceration which is allowed by section 110—14 should have been used to offset his $500 assessment.

Turning our attention to Brown's contention that the $225 street value fine was excessive, we note Brown failed to raise this objection at either his sentencing hearing or in his motion to reconsider sentence. Since no objection to the amount of the street value fine was brought to the trial court's attention, we deem this issue waived. See *People v. Schaefer* (1989), 188 Ill. App. 3d 317, 543 N.E.2d 894.

Accordingly, the judgment is modified so that the $725 owed by the defendant for his $500 assessment and $225 street value fine is offset by the $685 credit resulting from his 137 days of pretrial incarceration. The remainder of the judgment of the circuit court of Will County is affirmed.

Affirmed in part; reversed in part.

SLATER and LYTTON, JJ., concur.