THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STANLEY REED, Defendant-Appellant.

Third District    No. 3—92—0971

Opinion filed January 20, 1994.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for
appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin,
of State's Attorneys Appellate Prosecutor's Office, of counsel), for the Peo-
ple.

JUSTICE BARRY delivered the opinion of the court:

Following a jury trial, the defendant, Stanley Reed, was convicted
of two counts of unlawful delivery of a controlled substance (Ill. Rev.
Stat. 1991, ch. 56½, par. 1401(d)). He was subsequently sentenced to
concurrent five-year terms of imprisonment on each count and or-
dered to pay a $40 street value fine and a drug assessment of $1,000.
The defendant appeals.

The record reveals that one count of the indictment alleged that
the defendant delivered a substance containing cocaine to Fred Jones
on August 3, 1992. The second count alleged that the defendant deliv-
ered a substance containing cocaine to Andre Neyrinck on August 3,
1992.

The evidence at trial showed that on the night of August 3, 1992, undercover officers Fred Jones, John Showalter, and Andre Neyrinck were assigned to the Quad City Metropolitan Enforcement Group. Officer Neyrinck was driving an unmarked police car through the Arsenal Court and Denkman Park neighborhoods of Rock Island. Officer Jones was in the front seat next to him, and Officer Showalter was in the back seat. As they were driving, the officers observed some black men standing at a street corner. A man, later identified as the defendant, flagged down their car as it approached the corner.

The defendant approached the driver's side window of the car and asked the three men what they were looking for. Officer Jones responded that they wanted to buy some "twenties" or "$20 pieces." The defendant then asked them if they were the police. After Officer Jones said that they were not, the defendant reached through the driver's window with his right arm and displayed in his hand two pieces of what appeared to be rock cocaine. Officer Jones took the rocks from the defendant to inspect them. After determining that they were cocaine, Officer Jones handed the defendant a $20 bill. He then took another $20 bill and handed it to Officer Neyrinck, who gave the money to the defendant. The defendant then left. The substances were later tested and found to contain 0.2 grams of cocaine. The defendant was subsequently convicted of two counts of unlawful delivery of a controlled substance.

The defendant argues on appeal that the evidence established that only one delivery of cocaine occurred and that it was to Officer Jones. Thus, he contends, his conviction for unlawful delivery to Officer Neyrinck must be reversed. The State argues that the defendant has waived this issue because he failed to raise it in his post-trial motion. For the ensuing reasons, we find that plain error was committed here and thus will consider the defendant's argument. *People v. Keefer* (1992), 229 Ill. App. 3d 582, 593 N.E.2d 1109.

It is well settled that multiple convictions based on the same physical act cannot stand. (*People v. Ellis* (1986), 143 Ill. App. 3d 892, 493 N.E.2d 739.) Section 102(h) of the Illinois Controlled Substances Act defines delivery as "the actual, constructive or attempted transfer of possession of a controlled substance." (Ill. Rev. Stat. 1991, ch. 56½, par. 1102(h).) The State contends that the defendant's delivery to Officer Jones was also constructive delivery to Officer Neyrinck.

■■ We disagree. The instant defendant delivered the two rocks of cocaine to Officer Jones, thereby relinquishing possession of the drugs to him. There was nothing in the record establishing that in delivering the drugs to Officer Jones, a constructive delivery was also made to

Officer Neyrinck. Officer Jones negotiated the sale, inspected the drugs, and provided the money. Officer Neyrinck played no active role in the transaction. Although the officers may have intended two purchases to be made, their intentions are not relevant.

Based upon the above, we find that the defendant's delivery of the cocaine to Officer Jones constituted one act of delivery of a controlled substance and cannot be the basis for more than one conviction. (But see *People v. Hill* (1978), 56 Ill. App. 3d 510, 371 N.E.2d 1257 (affirming defendant's multiple convictions for unlawful delivery where defendant delivered separate packets of a controlled substance to different individuals).) Thus, the defendant's conviction for unlawful delivery of a controlled substance to Officer Neyrinck must be reversed.

The defendant further argues that he is entitled to a credit of $595 against his $40 street value fine and $1,000 drug assessment in order to reflect the statutory $5-a-day credit for 119 days in custody prior to sentence. The State agrees.

■ A defendant is entitled to a $5-a-day credit for each day incarcerated on a bailable offense when he does not supply bail. (Ill. Rev. Stat. 1991, ch. 38, par. 110–14.) This credit is applicable to a street value fine (*People v. Williams* (1993), 239 Ill. App. 3d 575, 607 N.E.2d 307) and to a statutory drug offense assessment (*People v. Brown* (1993), 242 Ill. App. 3d 465, 610 N.E.2d 776). Thus, we reverse the trial court's order and find that the defendant is entitled to a credit of $595 against his $40 street value fine and $1,000 drug assessment.

The defendant's conviction for delivery to Officer Neyrinck is reversed, and his fine and drug assessment are reduced by $595. The judgment is otherwise affirmed.

Affirmed in part and reversed in part.

STOUDER and McCUSKEY, JJ., concur.