THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EPIFANIO M. ELIZALDE, Defendant-Appellant.

Second District    No. 2—02—0605

Opinion filed December 3, 2003.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Barry W. Jacobs, of Chicago, for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Epifanio Elizalde, appeals from a judgment revoking his probation. Defendant's underlying conviction was his third conviction of driving under the influence of alcohol. Defendant points out

that the trial court's order entering his conviction errantly states that his conviction was a Class 2 felony where a third conviction of driving under the influence of alcohol is only a Class 3 felony. Defendant argues that we should correct the judgment order and adjust his sentence to reflect that his conviction was a Class 3 felony. For unrelated reasons, defendant also argues that he should be given credit for two additional days of time served against his sentence and $5-per-day credit for time served against a $100 "fee" imposed by the trial court. We affirm in part, modify in part, vacate in part, and remand.

On June 1, 2001, defendant pleaded guilty to driving under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501 (West 2002)). Defendant's offense was a Class 3 felony because it was his third violation of section 11—501. 625 ILCS 5/11—501(c—1)(2) (West 2002). The judgment order errantly states that defendant's third violation of section 11—501 was a Class 2 felony. Defendant also pleaded guilty to driving while license revoked (625 ILCS 5/6—303(d) (West 2002)), a Class 4 felony. Defendant was sentenced to 24 months' probation on each count, to be served concurrently. Additionally, defendant was ordered to pay a $100 fee that was authorized by section 5—1101(d) of the Counties Code (55 ILCS 5/5—1101(d) (West 2002)) for a second or subsequent conviction of driving under the influence of alcohol.

On April 2, 2002, the State filed a petition to revoke defendant's probation based on defendant's failure to report to the probation department as ordered. On May 6, 2002, after holding a hearing on the matter, the court granted the State's petition to revoke. On resentencing, the court sentenced defendant to three years in prison for the driving-under-the-influence-of-alcohol count and two years in prison for the driving-while-license-revoked count, to be served concurrently. Like the judgment order, the sentencing order incorrectly states that defendant's conviction of driving under the influence of alcohol was a Class 2 felony. Defendant was given credit against both sentences for 91 days' time served.

■ Defendant first points out that the trial court erred in characterizing his conviction of driving under the influence of alcohol as a Class 2 felony. A third violation of section 11—501 is a Class 3 felony under section 11—501(c—1)(2) of the Code (625 ILCS 5/11—501(c—1)(2) (West 2002)), not a Class 2 felony as both the judgment order and the sentencing order state. Defendant argues and the State agrees that we should correct the orders to reflect that defendant has been convicted only of a Class 3 felony. We modify defendant's judgment and sentencing orders to reflect that he has been convicted of a Class 3 felony.

■ Defendant further argues that we should modify his sentence from three years to two years because two years is the minimum sentence for a Class 3 felony. See 730 ILCS 5/5—8—1(a)(6) (West 2002). The State responds that the issue of defendant's sentence is moot because defendant has already been released from prison. The State is correct that the question of the validity of a sentence becomes moot after the sentence is served. *People v. Lieberman*, 332 Ill. App. 3d 193, 196 (2002). However, the parties agree that defendant has not completed serving his period of mandatory supervised release. The period of mandatory supervised release is part of a defendant's sentence. *Lieberman*, 332 Ill. App. 3d at 196. In *Lieberman*, the State argued that the defendant's contention that the trial court erred in sentencing him to an extended term was moot because the defendant had finished serving his prison sentence. *Lieberman*, 332 Ill. App. 3d at 195. The First District Appellate Court rejected the State's argument because there was no evidence that the defendant had completed his term of mandatory supervised release. *Lieberman*, 332 Ill. App. 3d at 196. Here, it is undisputed that defendant is still serving the mandatory supervised release portion of his sentence. We find the instant case to be indistinguishable from *Lieberman*. The issue of defendant's sentence is not moot because defendant has not completed his sentence.

■ Defendant contends that we should modify the trial court's order to impose the minimum sentence for a Class 3 felony because, in his view, the trial court evinced an intent to impose the minimum penalty available. The trial court stated: "[I]t will be the judgment of the court on Count 1 [that] the defendant will be sentenced to [the] minimum period in the Department of Corrections which is three years." While the trial court quite possibly would have sentenced defendant to the two-year minimum sentence for a Class 3 felony had it been aware of that option, we do not think that the above-quoted passage indicates a clear intent to do so. For this reason, we vacate defendant's sentence and remand to the trial court to enter a new sentence based on the guidelines for a Class 3 felony.

■ Next, defendant argues that, upon revocation of his probation, he should have been given credit for 93 days' time served instead of 91 days. The State concedes that defendant should have been given credit for 93 days because two partial days served by defendant that were not counted should have been counted as full days. However, the State again argues that the issue is moot because defendant has been released from prison. We reject this argument for the same reason as the previous argument—defendant is still serving his period of mandatory supervised release. The State effectively makes no response to

this point. It merely states, without explanation, that correcting defendant's credit for time served "should have little, if any, effect, on the defendant's MSR obligations." We hold that the issue is not moot and modify the sentencing order to reflect that defendant is to receive 93 days' credit for time served.

■ Finally, defendant argues that, pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14 (West 2002)), he should have been given $5-per-day credit for time served against an assessment ordered by the trial court. The assessment in question is a $100 "fee" that the trial court ordered because defendant's conviction was a second or subsequent conviction of driving under the influence of alcohol. 55 ILCS 5/5—1101(d) (West 2002). Section 110—14 of the Code of Criminal Procedure provides that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of defendant." 725 ILCS 5/110—14 (West 2002).

■ ■ Whether section 110—14 is applicable to a particular assessment is a question of statutory construction. *People v. Hare*, 119 Ill. 2d 441, 447 (1988). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature, and that inquiry begins with the language of the statute. *Hare*, 119 Ill. 2d at 447. The plain language of section 110—14 provides that a defendant receives credit for time served against a "fine." 725 ILCS 5/110—14 (West 2002). Section 110—14, however, does not provide for credit against a "fee" or a "cost." *People v. White*, 333 Ill. App. 3d 777, 782 (2002). As a means of determining legislative intent, case law has examined the substance of various assessments to determine whether they are more nearly "fines" or "fees" or "costs." See, *e.g.*, *People v. Littlejohn*, 338 Ill. App. 3d 281 (2003); *White*, 333 Ill. App. 3d 777. Under this line of cases, a "fine" is a pecuniary punishment imposed as part of a criminal sentence. *White*, 333 Ill. App. 3d at 781. A "fee," by contrast, is a charge for labor or services, especially professional services. *White*, 333 Ill. App. 3d at 781. A "cost" is a charge or fee taxed by a court, such as a filing fee, jury fee, courthouse fee, or reporter fee. A cost or fee is not punitive in nature but is a collateral consequence of the defendant's conviction that is compensatory in nature. *White*, 333 Ill. App. 3d at 781. We note, however, that, because the applicability of section 110—14 to a particular assessment is a question of legislative intent, an assessment's substantive character as being more nearly a "fine" or a "fee" or a "cost" is relevant only to the extent that it is probative of legislative intent. Also relevant is the legislature's designation of the assessment as a "fine," "fee," or "cost."

■ The assessment at issue was authorized by section 5—1101(d) of the Counties Code (55 ILCS 5/5—1101(d) (West 2002)). Section 5—1101 provides in relevant part:

> "Additional fees to finance the court system. A county board may enact by ordinance or resolution the following fees:

> * * *

> (d) A $100 fee for the second and subsequent violations of Section 11—501 of the Illinois Vehicle Code or violations of similar provisions contained in county or municipal ordinances committed in the county. The proceeds of this fee shall be placed in the county general fund and used to finance education programs related to driving under the influence of alcohol ***." 55 ILCS 5/5—1101 (West 2002).

This language, by its repeated use of the word "fee" and its description of a nonpunitive purpose, indicates an intent on the part of the legislature that an assessment made under section 5—1101(d) be treated as a fee and not a fine. We conclude that the legislature did not intend the $5-per-day credit for time served provided for in section 110—14 to apply to "fees" imposed under section 5—1101(d). Accordingly, defendant is not entitled to $5-per-day credit against the $100 fee imposed by the trial court.

For the foregoing reasons, we modify the judgment order and sentencing order to reflect the fact that defendant has been convicted of a Class 3 felony and modify the sentencing order to reflect that defendant is to receive 93 days' credit for time served. We also vacate the part of the sentencing order specifying the length of defendant's sentence on the driving-under-the-influence-of-alcohol count and remand to the trial court with directions to enter a new sentence based on the guidelines for a Class 3 felony. Finally, we affirm the trial court's decision not to give defendant $5-per-day credit against the fee it imposed.

Affirmed in part as modified and vacated in part; cause remanded with directions.

BOWMAN and GROMETER, JJ., concur.