(No. 98111.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HOWARD W. WILSON, Appellee.

*Opinion filed March 24, 2005.*

Lisa Madigan, Attorney General, of Springfield, and Diane Sipich, State's Attorney, of Tuscola (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Colleen Morgan, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The State charged defendant, Howard W. Wilson,

with two counts of domestic battery (720 ILCS 5/12—3.2(a)(1), (a)(2) (West 2002)). Defendant moved to dismiss the charges, arguing that the domestic battery statute is unconstitutionally vague. Following an evidentiary hearing, the circuit court of Douglas County found the statute unconstitutionally vague as applied to defendant and granted the motion to dismiss. The trial court denied the State's motion to reconsider, and the State appealed directly to this court. 134 Ill. 2d R. 603. We now reverse the circuit court's judgment and remand the cause for further proceedings.

## BACKGROUND

The State charged defendant with two counts of domestic battery, arising out of an incident on September 19, 2003. Defendant moved to dismiss the charges, alleging that the domestic battery statute was unconstitutionally vague. In his motion, defendant pointed out that the victim, Kimberly Meeks, was not related to defendant by blood or marriage. At the time of the incident, the two did not have a dating or living relationship, although they had previously lived together and dated. Defendant's complaint was that the statute allowed a domestic battery charge to be based on a former relationship.

The difference between simple battery and domestic battery is that the latter is committed against a "family or household member as defined in subsection (3) of Section 112A—3 of the Code of Criminal Procedure of 1963, as amended." Compare 720 ILCS 5/12—3(a) (West 2002) with 720 ILCS 5/12—3.2(a) (West 2002). Both battery and domestic battery are Class A misdemeanors, but domestic battery can be enhanced to a Class 4 felony if the defendant has a previous conviction for domestic battery. 720 ILCS 5/12—3.2(b) (West 2002). The State charged defendant with a felony because he had a conviction for domestic battery in 1995.

Defendant's specific complaint is with the definition of "family or household members":

" 'Family or household members' include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in paragraph (3) of subsection (b) of Section 12—21 of the Criminal Code of 1961. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between 2 individuals in business or social contexts shall be deemed to constitute a dating relationship." 725 ILCS 5/112A—3(3) (West 2002).

Defendant argued that this definition was unconstitutionally vague because it did not place any time limits on the former relationship of the parties.

At an evidentiary hearing on the motion, defendant testified about the nature of his relationship with Meeks. Defendant and Meeks dated for 10 months. For four of those months, from February to May 2003, Meeks and defendant lived together in Arcola. Meeks ended the relationship in May 2003. Although the relationship was intimate and sexual, it was never exclusive, even during the period in which they lived together. In September 2003, when the incident occurred, defendant and Meeks were just friends.

The trial court entered an order dismissing the charges against defendant on the basis that the statute was unconstitutionally vague. The trial court began by noting that defendant could challenge the statute only as applied to the facts of this case. The court then found that the problem with the statute was that it applied to those people who have previously had a dating relationship, but did not specify how recent the dating relationship must have been. The court was concerned that even a relationship that occurred 50 years ago would be

covered by the statute. The court acknowledged that, in *People v. Johnson*, 341 Ill. App. 3d 583 (2003), the appellate court held that the statute was not unconstitutionally vague. However, the court distinguished that case on the basis that the parties in that case had a current dating relationship at the time of the alleged battery. According to the trial court, it was "apparent from the Statute in question that the legislative intent was to prohibit difficulties and acts of domestic violence between persons who have a continuing relationship." Thus, the statutory definitions "persons who *** formerly shared a common dwelling" and "persons who *** have had a dating relationship" were vague as applied to defendant because the statute offered no guidance to law enforcement officers or prosecutors as to how recently the relationship must have ended. Because defendant's relationship with Meeks had ended several months prior to the incident in question, no guidance was offered as to whether their relationship fell within the statutory prohibition.

The State filed a petition for rehearing. The State argued that, pursuant to *People v. Izzo*, 195 Ill. 2d 109, 113-14 (2001), when a court considers an "as applied" challenge, it must determine the validity of the law in light of the particular facts at hand, and that a statute is not unconstitutionally vague merely because a hypothetical situation could be imagined in which some terms might be called into question. The State pointed out that defendant's relationship with Meeks had ended only four months prior to the incident, and argued that a person of ordinary intelligence would understand that such a relationship would fall within the statute's reference to "persons who *** have had a dating or engagement relationship." The court denied the petition for rehearing.

## ANALYSIS

All statutes are presumed to be constitutional, and

the burden of rebutting that presumption is on the party challenging the validity of the statute to demonstrate clearly a constitutional violation. *People v. Greco*, 204 Ill. 2d 400, 406 (2003). If reasonably possible, a statute must be construed so as to affirm its constitutionality and validity. *Greco*, 204 Ill. 2d at 406. When a statute is declared unconstitutional, our review is *de novo*. *People v. Einoder*, 209 Ill. 2d 443, 450 (2004).

Defendant concedes that he may challenge the statute only as applied to the facts of this case. Where, as here, a statute does not affect first amendment rights, it will not be declared unconstitutionally vague on its face unless it is capable of no valid application. *Izzo*, 195 Ill. 2d at 112. Defendant does not dispute that the statute is capable of some valid applications. In cases that do not involve first amendment freedoms, due process is satisfied if: (1) the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited, and (2) the statute provides sufficiently definite standards for law enforcement officers and triers of fact that its application does not depend merely on their private conceptions. *People v. Falbe*, 189 Ill. 2d 635, 639-40 (2000). A defendant cannot escape a statute's reach by arguing that it might be vague as applied to someone else. *Izzo*, 195 Ill. 2d at 113. If the defendant's conduct clearly falls within the statute's proscriptions, prosecuting him does not offend due process even though the statute might be vague as to other conduct in other circumstances. *Izzo*, 195 Ill. 2d at 113.

The State argues, and we agree, that the trial court clearly erred in holding the statute unconstitutionally vague as applied to defendant. The evidence showed that defendant had dated the victim for 10 months, living with her for 4 of them, and that the relationship had

ended only 4 months before the incident in question. Thus, defendant fell within the statute's definition of a "[f]amily or household member" under two separate bases: (1) he and the victim had "had a dating *** relationship"; and (2) he and the victim had "formerly shared a common dwelling" (725 ILCS 5/112A—3(3) (West 2002)).

As applied to defendant, the statute meets *Falbe's* two-part test. First, the statute's prohibitions are sufficiently definite, when measured by common understanding and practices, to give a person of ordinary intelligence fair warning as to what conduct is prohibited. As previously stated, domestic battery is battery committed against a family or household member. Both the simple battery statute and the domestic battery statute prohibit causing bodily harm to someone or making physical contact of an insulting or provoking nature with someone. 720 ILCS 5/12—3(a), 12—3.2(a) (West 2002). Defendant conceded at oral argument that he understood that he was not entitled to commit a battery against the victim whether or not she was a family or household member. If defendant's argument is that he was not given fair warning whether committing a battery against Meeks would be a simple battery or a domestic battery, that argument is also unavailing. Because defendant and Meeks formerly shared a common dwelling and formerly had a dating relationship, defendant was clearly informed that committing a battery against Meeks would be a domestic battery. Defendant's argument before this court shows that he understood what was prohibited. Defendant complains about the lack of a time limit in the statute and notes that it applies to anyone who has ever had a dating relationship with the victim or who has ever shared a common dwelling with the victim, no matter how long ago. Defendant's interpretation is correct: the statute has no time limit. But that does not make the statute

vague. Defendant's own argument shows that he understood what the statute meant.

Second, as applied to the facts of this case, the statute provides sufficiently definite standards for law enforcement officers and triers of fact that its application does not depend merely on their private conceptions. At the time defendant committed the alleged battery, he and Meeks had ended an intimate and sexual 10-month relationship only 4 months previously. For 4 of those months, they had shared a common dwelling. Thus, any law enforcement officer or trier of fact would understand that this statute applied to defendant's situation, and they would not have to rely on private conceptions as to what constituted formerly sharing a dwelling or having a dating relationship.

Although the trial court stated that it understood that it could consider the statute only as it applied to defendant, the court did not limit its inquiry accordingly. At the end of the evidentiary hearing, the court expressed concern that defendant could still be charged with domestic battery against Meeks if a similar incident occurred in 40 years. The court then asked the State if that provided much guidance to law enforcement officers, prosecutors, or triers of fact. The State responded that it did because the question is always whether the parties have had a dating relationship. Moreover, the lack of a time limit did not make the statute vague. The court responded that it was concerned that if a man bumped into a woman on the street, and he had dated that woman 45 years earlier in high school, he could be charged with domestic battery. The State explained that such a hypothetical was not relevant and again reiterated that a lack of a time limit made the statute definite rather than vague. When the trial court issued its written ruling, it stated that "if a person had had a dating relationship with another individual 50 years ago, and then a battery

occurred between those two individuals, that person committing the battery could be charged with and convicted of the offense of domestic battery." The trial court erred in taking all of these hypotheticals into account. As we stated in *Izzo*, a defendant "cannot escape the law's reach by arguing that the statute might be vague as applied to someone else." *Izzo*, 195 Ill. 2d at 113. Moreover, even in these hypothetical situations, the statute would not be vague. The statute is very clear that there is no time limit, and both defendant and the trial court have demonstrated their understanding of this.

From the above quotations, it appears that the State is correct that the trial court's true concern was not vagueness, but whether the statute was enacted under a valid exercise of the legislature's police power. However, due process principles prohibit only the arbitrary or unreasonable use of the police power. *Falbe*, 189 Ill. 2d at 640. "To constitute a legitimate exercise of the police power, a legislative enactment must bear a reasonable relationship to the public interest intended to be protected, and the means adopted must be a reasonable method of accomplishing the desired result." *Falbe*, 189 Ill. 2d at 640. We are concerned not with whether the legislature has chosen the best or most effective means of resolving the problems addressed by the statute, but only with whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety, and general welfare. *Falbe*, 189 Ill. 2d at 640.

The trial court, however, could consider a police power argument only on an as-applied basis. See *Falbe*, 189 Ill. 2d at 644-45. Thus, it was not relevant whether it was a valid exercise of the police power to make the statute applicable to relationships that ended 50 years before the alleged battery. The legislature's obvious concern in enacting the domestic battery statute was in

curbing the serious problem of domestic violence. Defendant conceded at oral argument that the threat of domestic violence does not end when a relationship ends. Clearly, it was not unreasonable for the legislature to include within the domestic battery statute relationships that had been over for only a few months. Whether it was reasonable to include relationships that had ended 50 years ago is not before this court.

In sum, section 112A—3, as applied to defendant, is neither vague nor an unreasonable exercise of the police power. We therefore reverse the trial court's order holding the statute unconstitutional and remand the cause for further proceedings consistent with this opinion.

*Circuit court judgment reversed;*
*cause remanded.*