Filed 05/17/06                         No. 2--04--0987

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--2687 |
| ANTWAN D. YOUNGBLOOD, | ) ) | Honorable Michael J. Burke, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Following a bench trial in the circuit court of Du Page County, defendant, Antwan D. Youngblood, was convicted of the delivery of one gram or more but less than 15 grams of a substance containing cocaine.  720 ILCS 570/401(c)(2) (West 2002).  The trial court sentenced defendant to six years' imprisonment, with credit for 342 days spent in presentence custody.  The trial court also imposed a $2,000 drug assessment pursuant to section 411.2(a)(2) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/411.2(a)(2) (West 2002)) and ordered defendant to submit a blood sample for deoxyribonucleic acid (DNA) analysis pursuant to section 5--4--3 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5--4--3 (West Supp. 2003)).  Following the denial of

his motion to reconsider his sentence, defendant filed a timely appeal raising two distinct issues.

Defendant first argues that, pursuant to section 110--14 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/110--14 (West 2002)), he is entitled to a $5-per-day credit toward the statutory drug assessment for the time he spent in custody prior to sentencing. The State argues that defendant is not entitled to the credit because section 110--14 applies only to "fines" and the drug assessment levied pursuant to section 411.2 of the Act is a "fee."

Section 110--14 of the Code of Criminal Procedure provides that a defendant "against whom a fine is levied" shall be allowed a credit of $5 per day for each day incarcerated on a bailable offense when the defendant does not supply bail. 725 ILCS 5/110--14 (West 2002). The $5-per-day credit created by section 110--14 of the Code of Criminal Procedure applies only to "fines" that are imposed pursuant to a conviction. People v. Elizalde, 344 Ill. App. 3d 678, 682 (2003); People v. White, 333 Ill. App. 3d 777 (2002) (holding that credit allowed by section 110--14 does not apply to court costs, probation fees, or lab analysis fees). For this reason, it is essential to determine whether the statutory drug assessment created by section 411.2 of the Act is a "fine" or, as the State asserts, a "fee." This issue presents a question of statutory interpretation. The primary rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. White, 333 Ill. App. 3d at 780. The best indicator of the legislature's intent is the plain language of the statute itself. White, 333 Ill. App. 3d at 780-81. We must not read into the plain language exceptions, limitations, or conditions that the legislature did not

express.  White, 333 Ill. App. 3d at 781.  Statutory interpretation is a question of law. White, 333 Ill. App. 3d at 781.

In interpreting section 110--14 in other contexts, we have defined the term "fine" as "a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense."  White, 333 Ill. App. 3d at 781.  The term has also been defined as " '[a] pecuniary criminal punishment or civil penalty payable to the public treasury.' "  People v. Gathing, 334 Ill. App. 3d 617, 620 (2002), quoting Black's Law Dictionary 647 (7th ed. 1999).  In contrast, a "fee" is "a charge for labor or services, especially professional services."  White, 333 Ill. App. 3d at 781.

On previous occasions, this court has held that the $5-per-day credit is applicable to a statutory drug assessment imposed under section 411.2 of the Act.  Admittedly, our decisions on this issue do not contain any in-depth analysis.  See People v. Rodriguez, 276 Ill. App. 3d 33, 41 (1995), overruled on other grounds, People v. Dexter, 328 Ill. App. 3d 583 (2002); People v. Otero, 263 Ill. App. 3d 282, 287 (1994).  However, other districts of this court have also determined that the statutory drug assessment is a "fine" against which the $5-per-day credit applies.  The reasons for these courts' holdings vary.  For instance, in People v. Brown, 242 Ill. App. 3d 465, 466 (1993), the court concluded that had the legislature intended to exclude the $5-per-day credit from the ambit of section 411.2, it could have easily done so, as it had with another statutory provision.  In Gathing, 334 Ill. App. 3d at 620, the court held that the assessments imposed pursuant to section 411.2 are in the nature of a fine because the statute requires the funds to be forwarded to a public treasury.

The State disagrees with the reasoning of these decisions. It first asserts that the assessment described in section 411.2 is more akin to a "fee" than a "fine" because the statute does not refer to the assessment as a "fine." See Elizalde, 344 Ill. App. 3d at 682-83 (holding that $5-per-day credit did not apply to funds collected under section 5--1101(d) of the Counties Code (55 ILCS 5/5--1101(d) (West 2002)); statute repeatedly referred to the funds to be collected as a "fee" and the caption of the statute indicated that the purpose of collecting the funds was "to finance the court system," a nonpunitive purpose). However, the fact that section 411.2 does not refer to the assessment as a "fine" is not dispositive. In People v. Fort, 362 Ill. App. 3d 1 (2005), the court held that the $5-per-day credit for presentence incarceration applied to offset assessments imposed under section 411.2 of the Act. While recognizing that section 411.2 does not expressly characterize the assessment as a fine, the Fort court pointed out that the provision does not preclude the notion that the assessment is in the nature of a fine. Notably, the court quoted subsection (f) (720 ILCS 570/411.2 (f) (West 2002)), which refers to the assessment as a "penalty" and states that " '[n]othing in this Section shall be deemed to affect or suspend any other fines, restitution costs, forfeitures or assessments imposed under this or any other Act.' " (Emphasis in original.) Fort, 362 Ill. App. 3d at 7. Moreover, to the extent that the language of section 411.2 is ambiguous regarding the nature of the assessment, the Fort court cited two reasons why it believed that the legislature intended the assessment to resemble a fine. First, lawmakers referred to the assessment as a "fine" during legislative debates. Fort, 362 Ill. App. 3d at 7, quoting 87th Gen. Assem., Senate Proceedings, July 18, 1991, at 186-87 (comments of Senators Cullerton and Barkhausen). Second, several other courts had held that the $5-per-day credit applies to section 411.2 assessments, and

legislative amendments to section 411.2 subsequent to the dates those cases were decided did not refer to the credit-against-assessment issue. Fort, 362 Ill. App. 3d at 8.

We find the reasoning of Fort and its precursors persuasive. The State, however, disagrees with the Fort court's rationales. The State suggests that it was merely fortuitous that the lawmakers labeled the section 411.2 assessment as a "fine" during legislative debates. The State also asks us to ignore the fact that legislative amendments to section 411.2 did not refer to the credit-against-assessment issue. According to the State, "it is not clear the legislature would even have reason to know that the fees being imposed were subject to offsets under section 570/411.2, since the fee would probably not be offset in the vast majority of cases." Both these arguments are unconvincing insofar as they ignore well-established rules of statutory interpretation. See Sulser v. Country Mutual Insurance Co., 147 Ill. 2d  548, 555 (1992) (noting that, in construing a statute, "it is instructive to consider relevant statements by legislators concerning the nature and effect of the proposed law"); People v. Antoine, 286 Ill. App. 3d 920, 925 (1997) (noting that when the legislature amends a statute but leaves unchanged a provision that has been judicially construed, the legislature's conduct indicates agreement with the judicial interpretation of the statute). Moreover, the State's latter argument is absurd in light of the principle that the legislature is presumed to know the judicial interpretation of a statute (Board of Trustees of Community College District No. 508 v. Burris, 118 Ill. 2d 465, 475 (1987)), and there are numerous published opinions holding that the assessment imposed by section 411.2 of the Act is properly offset by the $5-per-day credit (see, e.g., People v.  McNeal, No. 1--04--2047 (March 31, 2006) (adopting reasoning of Fort); People v. Haycraft, 349 Ill. App. 3d 416, 430 (2004); Gathing, 334 Ill. App. 3d at 620; Rodriguez, 276 Ill. App. 3d at 41; Otero,

263 Ill. App. 3d at 287; People v. Reed, 255 Ill. App. 3d 949, 951 (1994); Brown, 242 Ill. App. 3d at 466).

We are also unconvinced by the State's other arguments that an assessment imposed under section 411.2 of the Act is more akin to a "fee." The State claims that because the funds "are used to remedy the effects of the defendant's involvement in the criminal drug culture," the statute allows the defendant to perform public service in lieu of monetary payment, and the payment of the assessment may be suspended if the offender enters a substance-abuse program, the legislature did not intend the statutory drug assessment to be subject to the $5-per-day credit.

Subsections (h) and (i) of section 411.2 (720 ILCS 570/411.2(h), (i) (West 2002)) govern the allocation of funds collected pursuant to the statute. Depending on the population of the county, all monies collected pursuant to section 411.2 are forwarded to either the county treasurer or the State Treasurer. 720 ILCS 570/411.2(h), (i) (West 2002). The funds are then used as grants to persons licensed under section 15--10 of the Alcoholism and Other Drug Abuse and Dependency Act (20 ILCS 301/15--10 (West 2002)) for the treatment of pregnant women who are addicted to alcohol, cannabis, or controlled substances; for the needed care of minor, unemancipated children of women undergoing residential drug treatment; or for the treatment of anyone addicted to alcohol, cannabis, or controlled substances. 720 ILCS 570/411.2(h), (i) (West 2002). An examination of these statutory provisions supports the notion that the legislature intended the assessment as a "fine." First, as the Gathing court pointed out, the assessment is payable to a public treasury. Gathing, 334 Ill. App. 3d at 620. Second, it is obvious that the assessment does not fall within the definition of a "fee." Nothing in the statute suggests that the assessment

was intended as a charge for labor or services. See People v. Littlejohn, 338 Ill. App. 3d 281, 283-84 (2003) (holding that mandatory donation to a crime stoppers organization was a fine against which the $5-per-day credit should apply). Therefore, we find that the assessment more closely resembles a pecuniary punishment imposed as part of a sentence. The fact that the statute allows the defendant to perform public service in lieu of monetary payment (720 ILCS 570/411.2(e) (West 2002)) or that the payment of the assessment may be suspended if the offender enters a substance-abuse program (720 ILCS 570/411.2(f) (West 2002)) does not detract from the punitive nature of the assessment. Both public service and participation in a substance-abuse program are authorized dispositions for various offenses under both the Unified Code (see, e.g., 730 ILCS 5/5--5--3 (West 2002)) and the Act (see, e.g., 720 ILCS 570/410 (West 2002)). Thus, the statute merely allows the court to substitute one form of disposition for another.

The State's remaining argument fares no better. The State asserts that the statutory drug assessment "is unrelated to the relative infamy of the defendant's behavior." A cursory examination of the statute reveals the flaw of the State's position. Section 411.2(a) (720 ILCS 570/411.2(a) (West 2002)) sets forth penalties ranging from $200 to $3,000, depending on the class of the offense. Thus, a defendant convicted of a Class B or Class C misdemeanor is assessed the sum of $200 (720 ILCS 570/411.2(a)(6) (West 2002)) while a defendant convicted of a Class X felony is assessed the sum of $3,000 (720 ILCS 570/411.2(a)(1) (West 2002)). Thus, the amount of the assessment is related to the seriousness of the defendant's behavior.

In sum, the assessment imposed by section 411.2 of the Act is in the nature of a fine and is properly offset by the presentence credit created by section 110--14 of the Code of

Criminal Procedure. Accordingly, we find that defendant is entitled to a credit of $1,710 against his statutory drug assessment of $2,000. In this case, the sentencing order grants defendant 342 days of credit toward his prison sentence. However, the trial court did not award defendant the $5-per-day credit. Therefore, we modify the judgment to reflect the credit.

Defendant also urges us to vacate that portion of the trial court order requiring him to submit a blood sample for DNA analysis pursuant to section 5--4--3 of the Unified Code (730 ILCS 5/5--4--3 (West Supp. 2003)). Section 5--4--3 requires certain offenders to submit specimens of blood, saliva, or tissue for entry into a computer database. Defendant argues that section 5--4--3 violates his constitutional right to be free from unreasonable searches (see U.S. Const., amend. IV; Ill. Const. 1970, art. I, §6) in that: (1) the statute requires no showing of a "special need" for a search that is unsupported by individualized suspicion; (2) defendant's interest in avoiding bodily intrusions and maintaining the privacy of his genetic information outweighs any interest the State has in deterring and prosecuting recidivist criminal acts; and (3) it is unlikely that the genetic information stored in the database will aid law enforcement agencies in solving or prosecuting future crimes. Our supreme court recently upheld the constitutionality of section 5--4--3 of the Unified Code, rejecting arguments similar to the ones advanced by defendant in this case. People v. Garvin, 219 Ill. 2d 104, 117-25 (2006). Even if we could do so, defendant offers no persuasive reason to depart from the precedent established by the supreme court in Garvin.

For the reasons set forth above, we agree that defendant is entitled to the credit against his drug assessment for time spent in custody prior to sentencing. Accordingly, we

modify the judgment to reflect a credit of $1,710 against the $2,000 drug assessment. However, we reject defendant's contention that section 5--4--3 of the Unified Code is unconstitutional.

Affirmed as modified.

BOWMAN and CALLUM, JJ., concur.